IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAMIE HUBER, | : |
| Plaintiff, | : |
| | : Civil Action No. 2:20-cv-04607-PBT |
| v. | : |
| EXPERIAN INFORMATION SOLUTIONS, INC.; ARS ACCOUNT RESOLUTION SERVICES, | : JURY TRIAL DEMANDED |
| Defendants. | : |

**DEFENDANT HEALTHCARE REVENUE RECOVERY GROUP, LLC'S D/B/A ARS ACCOUNT RESOLUTION SERVICES'S ANSWER TO PLAINTIFF'S AMENDED COMPLAINT, AFFIRMATIVE DEFENSES AND DEMAND FOR JURY**

Answering Defendant, Healthcare Revenue Recovery Group, LLC d/b/a ARS Account Resolution Services ("Answering Defendant"), by and through its undersigned counsel, answers Plaintiff Jamie Huber's ("Plaintiff") Amended Complaint ("Amended Complaint") (Doc. 10) and states as follows:

**PRELIMINARY STATEMENT**

1.  Denied. The allegations in this paragraph, if any, are denied as they call for a legal conclusion to which no response is required.

**JURISDICTION AND VENUE**

2.  Denied. The allegations in this paragraph, if any, are denied as they call for a legal conclusion to which no response is required.

3.  Denied. The allegations in this paragraph, if any, are denied as they call for a legal conclusion to which no response is required.

## PARTIES

4. Denied. Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph of Plaintiff's Amended Complaint, and therefore denies the same. The remaining allegations in this paragraph, if any, are denied as they call for a legal conclusion to which no response is required.

5. Denied. This paragraph is not directed to Answering Defendant. To the extent that a response is required, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations, if any, contained in this paragraph of Plaintiff's Amended Complaint, and therefore denies the same. By way of further response, the allegations in this paragraph, if any, are denied as they call for a legal conclusion to which no response is required.

6. Admitted in part; denied in part. Answering Defendant admits that it has an address at 1643 NW 136th Avenue, Building H, Suite 100, Sunrise, Florida 33323. Answering Defendant admits, under certain circumstances, it may fall under the definition of "debt collector" as that term is defined by 15 U.S.C. § 1692a(6) and/or it may fall under the definition of "furnisher" under 15 U.S.C. § 1681s-2; 12 C.F.R. § 1022.41. However, Answering Defendant lacks sufficient knowledge to admit or deny the allegation that it is a "debt collector" or engaged in collecting "debts" in the present case, and further states that this allegation calls for a legal conclusion regarding the definition of the cited statute. Therefore, Answering Defendant denies the same and demands strict proof thereof. The remaining allegations in this paragraph, if any, are denied as they call for a legal conclusion to which no response is required.

## BACKGROUND

7. Denied. Answering Defendant is without knowledge or information sufficient to

form a belief as to the truth of the allegations, if any, contained in this paragraph of Plaintiff's Amended Complaint, as it is not a credit reporting entity, and therefore denies the same.

8. Denied. The allegations in this paragraph, if any, are denied as they call for a legal conclusion to which no response is required.

9. Denied. The allegations in this paragraph, if any, are denied as they call for a legal conclusion to which no response is required.

10. Denied. Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations, if any, contained in this paragraph of Plaintiff's Amended Complaint, as it is not a credit reporting entity, and therefore denies the same.

11. Denied. Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph of Plaintiff's Amended Complaint, and therefore denies the same.

12. Denied. Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph of Plaintiff's Amended Complaint, and therefore denies the same.

13. Denied. Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph of Plaintiff's Amended Complaint, and therefore denies the same.

**FACTUAL STATEMENT**

14. Denied. Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph of Plaintiff's Amended Complaint, and therefore denies the same.

15. Denied.

16. Denied. Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph of Plaintiff's Amended Complaint, and therefore denies the same.

17. Denied. Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph of Plaintiff's Amended Complaint, and therefore denies the same.

18. Denied. Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph of Plaintiff's Amended Complaint, and therefore denies the same.

19. Denied. Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph of Plaintiff's Amended Complaint, and therefore denies the same.

20. Denied. Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph of Plaintiff's Amended Complaint, and therefore denies the same.

21. Denied. Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph of Plaintiff's Amended Complaint, and therefore denies the same.

22. Denied. Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph of Plaintiff's Amended Complaint, and therefore denies the same

23. Denied. Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph of Plaintiff's Amended

Complaint, and therefore denies the same.

24. Denied.

25. Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph of Plaintiff's Amended Complaint, and therefore denies the same. .

## COUNT I
## VIOLATION OF THE FAIR CREDIT REPORTING ACT
## BY EXPERIAN

26. Answering Defendant repeats its responses to the allegations contained in Paragraphs 1 through 25 above and incorporates them as if specifically set forth at length herein.

27. Denied.  This paragraph is not directed to Answering Defendant.  To the extent that a response is required, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations, if any, contained in this paragraph of Plaintiff's Amended Complaint, and therefore denies the same.  By way of further response, the allegations in this paragraph, if any, are denied as they call for a legal conclusion to which no response is required.

28. Denied.  This paragraph is not directed to Answering Defendant.  To the extent that a response is required, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations, if any, contained in this paragraph of Plaintiff's Amended Complaint, and therefore denies the same.  By way of further response, the allegations in this paragraph, if any, are denied as they call for a legal conclusion to which no response is required.

29. Denied.  This paragraph is not directed to Answering Defendant.  To the extent that a response is required, Answering Defendant is without knowledge or information sufficient to

form a belief as to the truth of the allegations, if any, contained in this paragraph of Plaintiff's Amended Complaint, and therefore denies the same. By way of further response, the allegations in this paragraph, if any, are denied as they call for a legal conclusion to which no response is required.

30. Denied. This paragraph is not directed to Answering Defendant. To the extent that a response is required, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations, if any, contained in this paragraph of Plaintiff's Amended Complaint, and therefore denies the same. By way of further response, the allegations in this paragraph, if any, are denied as they call for a legal conclusion to which no response is required.

31. Denied. This paragraph is not directed to Answering Defendant. To the extent that a response is required, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations, if any, contained in this paragraph of Plaintiff's Amended Complaint, and therefore denies the same. By way of further response, the allegations in this paragraph, if any, are denied as they call for a legal conclusion to which no response is required.

32. Denied. This paragraph is not directed to Answering Defendant. To the extent that a response is required, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations, if any, contained in this paragraph of Plaintiff's Amended Complaint, and therefore denies the same. By way of further response, the allegations in this paragraph, if any, are denied as they call for a legal conclusion to which no response is required.

**COUNT II**
**VIOLATION OF THE FAIR CREDIT REPORTING ACT**

**BY ARS**

33. Answering Defendant repeats its responses to the allegations contained in Paragraphs 1 through 32 above and incorporates them as if specifically set forth at length herein.

34. Denied. The allegations in this paragraph, if any, are denied as they call for a legal conclusion to which no response is required.

35. Denied.

36. Denied.

37. Denied.

38. Denied.

39. Denied.

40. Denied.

41. Denied.

**COUNT III**
**VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT**
**BY ARS**

42. Answering Defendant repeats its responses to the allegations contained in Paragraphs 1 through 41 above and incorporates them as if specifically set forth at length herein.

43. Denied. .

44. Denied. The allegations in this paragraph, if any, are denied as they call for a legal conclusion to which no response is required.

**JURY TRIAL DEMAND**

45. Admitted.

WHEREFORE, Answering Defendant requests that this Court dismiss Plaintiff's Amended Complaint in its entirety with prejudice, and award Answering Defendant its reasonable attorney's fees and costs incurred in defending this action. Answering Defendant further requests

that this Court deny any other requested damages, fees, costs, other legal and equitable relief, and award such other relief as the Court deems just and equitable.

## JURY DEMAND

Answering Defendant demands a jury pursuant to Fed. R. Civ. P. 38 for all issues so triable.

## AFFIRMATIVE DEFENSES

1. Plaintiff has failed to state a claim upon which relief can be granted.

2. Plaintiff's claims may be barred by the statute of limitations.

3. Any violation of law by Answering Defendant, which is specifically denied, was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error.

4. Plaintiff failed to mitigate any damages which Plaintiff may have suffered.

5. Plaintiff has suffered no compensable damages.

6. Plaintiff has suffered no ascertainable loss of money or property.

7. Defendant affirmatively alleges that Plaintiff's claims are barred by a lack of standing under Article III of the U.S. Constitution. *See Spokeo Inc. v. Robins*, 136 S. Ct. 1540, 1544-50 (2016).

8. Any claims for punitive damages if permitted would constitute an excessive fine or penalty without the substantive or procedural safeguards guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution.

9. Answering Defendant respectfully reserves the right to assert any additional affirmative defenses that may be revealed during the course of discovery.

        Respectfully Submitted:

        **KAUFMAN DOLOWICH & VOLUCK, LLP**

    By:  /s/ Richard J. Perr
        RICHARD J. PERR, ESQUIRE
        MONICA M. LITTMAN, ESQUIRE
        1600 John F. Kennedy Blvd., Suite 1030
        Philadelphia, PA 19103
        Telephone: (215) 501-7002
        Facsimile: (215) 405-2973
        rperr@kdvlaw.com; mittman@kdvlaw.com
        Attorneys for Defendant Healthcare Revenue
        Recovery Group, LLC d/b/a ARS Account
        Resolution Services

Dated: December 14, 2021

## CERTIFICATE OF SERVICE

I, RICHARD J. PERR, ESQUIRE, hereby certify that on this date I served a true and correct copy of the foregoing electronically via the Court's CM/ECF system on the following:

Nicholas Linker, Esquire
Zemel Law LLC
660 Broadway
Paterson, NJ 07514
T: 862-227-3106
nl@zemellawllc.com

Attorneys for Plaintiff

/s/ Richard J. Perr
RICHARD J. PERR, ESQUIRE

Dated: December 14, 2021

4876-7708-7238, v. 2